The plaintiff, Elmer S. Cooper, sues the defendants, Robert A. Poole and the Baton Rouge Bus Company, Inc., in damages for personal injuries alleged to have been sustained in an accident which occurred at about 11 o'clock in the morning of August 23, 1938, near the intersection of North Boulevard and St. Ferdinand Street in the City of Baton Rouge. He prays for judgment in the sum of $12,826.55 against both defendants, in solido. The Baton Rouge Bus Company, Inc., is sued as the owner of the bus which was involved in the accident and Robert A. Poole, as the employee of the Bus Company who was driving and operating the bus at the time the accident took place.
In his petition plaintiff alleges that the bus which had been proceeding east on North Boulevard began to make a turn to the right in order to go south on St. Ferdinand Street at the moment when he left the curb on the western side of St. Ferdinand Street, where he had been, and started to cross that street to the east. He avers that he had taken several steps into the street and was almost in the middle of it when he was struck by the right side of the bus which was then in the act of completing its turn. At no time, he alleges, did the driver blow the horn of the bus or give any other signal of its approach and he then charges him with negligence in the following respects: (a) In continuing to drive the bus after seeing that he (plaintiff) had started *West Page 620 
across the street, (b) in making no attempt to stop or swerve the bus to avoid striking him, (c) if he did not actually see him until the instant of impact, then in not keeping a proper lookout, and (d) in any event, in driving the bus at such speed as not to have it under proper control in view of the situation and circumstances then existing. In the alternative he pleads that the driver of the bus had the last clear chance and failed to avail himself of it to avoid the accident.
The defendants filed a joint answer in which the negligence charged to the driver of the bus is denied and in which is set out their version of the accident. It is alleged that the bus stopped at the intersection of the two streets, waiting behind several cars for the semaphore light to change before proceeding and that after the proper light signal appeared and the two cars ahead of it had moved forward, it started to make the turn to the south into St. Ferdinand Street going at a rate of speed not in excess of five miles per hour. That after it was headed almost due south the plaintiff who had been standing on the sidewalk at the southwest corner of the intersection blindly walked into the right or west side of the bus approximately 9 feet from its front end. It is further averred that the bus was being operated by the driver, Robert A. Poole, in a careful and prudent manner and with due regard to all the conditions and circumstances then prevailing, and that the sole, proximate cause of the accident was plaintiff's own gross inattention, carelessness and failure to observe traffic conditions and particularly in heedlessly walking into the right side of the bus. In one alternative the defendants plead contributory negligence on the part of plaintiff and in another that he had the last clear chance to avoid the accident.
These were the issues on which the case was presented in the lower court and on which, after trial, the district judge decided in favor of the defendants and dismissed the plaintiff's suit. From a judgment so decreeing, plaintiff has appealed.
As has already been indicated, North Boulevard runs east and west. There is a neutral ground in the center and a lane of vehicular travel on either side. Traffic moving east uses the south lane. St. Ferdinand Street begins at the intersection which it forms with North Boulevard and runs south from that point. About in the middle of the intersection, or at a point 15 feet 9 inches east of the west curb of St. Ferdinand Street and 18 feet 5 inches west of the east curb, there was a post with a concrete base holding a sign to direct north bound traffic on St. Ferdinand Street to turn right into North Boulevard.
The testimony relating to the accident consists of that of the plaintiff, the defendant bus driver and five of the passengers who were on the bus. That of the plaintiff is to the effect that he was coming down the south side of North Boulevard and had started to cross St. Ferdinand Street when he happened to look up and saw the semaphore showing a red light. He went one step in the street and says the bell rang. He then made about two steps more when he looked south on St. Ferdinand Street and saw a car coming from that direction. He was uncertain as to whether it would stop or not so he stopped and watched it. When it stopped and the bell stopped ringing, he started ahead again and as he did the bus struck him and knocked him down. He says that he did not hear the bus and gives as a reason that "the company has them muffled and it takes a man with good ears to hear one." He never saw the bus until it struck him, so it is obvious that he never looked to the north to see if traffic was coming from that direction as well as from the south before he started into the street.
The defendant Poole was called as a witness by plaintiff under the Cross-Examination Act and he also testified in his own behalf. He had been working for the bus company as a bus driver for three years. His testimony is that as he approached the intersection there were two cars ahead of the bus and as the semaphore light was against traffic to the east at the moment it became necessary for the two cars as well as the bus to stop. Upon the light changing to permit them to go ahead the two cars proceeded across the intersection and he started to move slowly, at about five miles per hour, to make his turn into St. Ferdinand Street. Because of the length of the bus, it having been shown that it is 26 feet 1 inch long, and of the rather close quarter caused by the sign post in the middle of the intersection and on the inside of which it had to pass, he says that the turn has to be made at almost a 45 degree angle. He first saw plaintiff standing on the sidewalk when he was still more than the length of the bus distant from the intersection. He *West Page 621 
never saw him leave his position and he was still standing there, some thirteen or fourteen feet away from the corner as the front end of the bus entered St. Ferdinand Street. He continued to make his turn and realized that the accident had happened only when he heard the noise created by the collision between the plaintiff and the bus. He stopped his bus almost instantly and it was then standing on a diagonal line in St. Ferdinand Street headed southeast with the front end about in the center of the street and the rear end about at the south intersecting line of that street with North Boulevard. A police officer who arrived at the scene of the accident immediately after it happened testified that that was the position of the bus, adding that the rear part was approximately a foot or a foot and a half from the west curbing of St. Ferdinand Street and the right front end about five or six feet from that curbing.
Poole's testimony is corroborated by that of all the bus passengers who testified to the extent that the bus stopped on North Boulevard before entering the intersection and that it made the turn in the usual manner, at a slow rate of speed and that it stopped almost instantly after the accident happened. Some of these witnesses stated also that it had practically completed the turn into St. Ferdinand Street when the impact took place. Two of them, J.B. Carter and a young girl named Bernice Dispensa, saw the plaintiff as the bus made the turn. Carter says that he was close to the curb, looking south and that he made two steps and when he finally looked around it was too late. Bernice Dispensa says that he was standing still as the bus made the turn. When she next noticed him, she states that "He was in the act of walking into the bus."
It is definitely shown that the point of impact of the bus was at least nine feet from the front end and that point in the street was some six or seven feet from the west curb of St. Ferdinand Street. Taking into consideration the length of the bus which was then standing on a diagonal line beginning from the south intersecting line of St. Ferdinand Street, it is apparent that plaintiff was crossing the street at least fifteen feet south of the corner. By his own admission he did not look to the north for traffic that might be approaching from that direction, as he did so, and under the evidence presented we are bound to conclude that he was negligent.
We are unable to agree with learned counsel for the plaintiff that the bus driver was guilty of any negligence and that the case presents a state of facts under which the doctrine of last clear chance can be applied against him so as to make him and his co-defendant employer liable in damages. The testimony is all to the effect that he handled the bus in the usual and normal manner in making a rather sharp turn which required his careful attention, in this intersection. He says that he did not blow the horn of the bus because he saw no necessity for doing so and in this we agree with him. He had seen plaintiff standing in a place of safety when the bus was on North Boulevard and again at the time when he was making the turn. He had a right to assume that the plaintiff was observing the movements of the bus as well as those of all other traffic at the intersection and that he would remain in his place of safety and not blindly walk into the side of the bus. His duty was to keep a careful lookout ahead, which he did, and he cannot be held responsible for having failed to avoid an accident which happened by a party colliding with the side of his bus at a point opposite, and several feet to the rear of, his driver's seat.
The district judge did not assign any written reasons for the judgment rendered by him but we are convinced that he correctly rejected the plaintiff's demand and dismissed his suit. As the suit was prosecuted under the benefit of the Pauper Act, Act No. 156 of 1912, as amended, no costs can be imposed. Judgment affirmed. *West Page 622