ELLIS, Judge.
In this suit Willis Henderson, husband of Beatrice Henderson, and Beatrice Henderson, are seeking recovery of damages for injuries sustained by the said Beatrice Henderson on or about December 27, 1949 at approximately 4:20 P.M. when she was struck by a bus owned by the Baton Rouge Bus Company as she attempted to cross the Scenic Highway just north of the intersection of said Highway and Winbourne Street, in the City of Baton Rouge, Louisiana. Scenic Highway at the scene of the accident runs north and south and is a four lane highway, while Winbourne Street runs into Scenic Highway at right angle from the east. Directly opposite Win-bourne Street on the west side, is a gate into the Standard Oil Company fence and a road leading into the Standard Oil Sales Department. Traffic at this intersection is controlled 'by overhead signal lights located in the approximate center of both streets and the Standard Oil driveway.
Beatrice Henderson, the injured petitioner, was on her way to work at the White Kitchenette located on the southeast corner of said intersection, and had alighted from a colored bus in the bus stop area on the northwest corner of the intersection, that is, at the north of the curb lines of the Esso Standard Oil Company driveway and Winbourne Street, and west of the curb line of Scenic Highway. When the traffic signal turned to red for traffic traveling north and south on Scenic Highway she attempted to cross the street by passing behind a car headed south, which had stopped for the red light in the western lane of Scenic Highway, and while about two steps from the curb was struck by defendant’s bus, which was drawing to a stop in the west or right-hand lane for south bound traffic. The plaintiff, by her own testimony, intended crossing the street in order to make her way to her place of employment.
Plaintiff has testified her reason for attempting to cross the street where she did, rather than the regular pedestrian lane wai that the first car in line in the highway lane had come to a stop past the whit« line for pedestrians, blocking her way Further, that a Standard Oil gasoline truck pulled out into the Scenic Highway from the driveway, hereinabove mentioned, as the traffic light east to west on said Highway turned green, and thus she had no other choice if she attempted to cross but that of crossing behind the first car parked in the right south bound traffic lane of the highway.
The District Court, for reasons orally assigned, rendered judgment in favor of the defendants, dismissing plaintiffs’ suit at their cost, and from this judgment plaintiffs have prosecuted this appeal.
Although there was some dispute as to the time the accident occurred the weight of the evidence is to the effect that it was at approximately 4:15 P.M., and plaintiff’s petition states it occurred at 4:20 P.M. This point becomes important only in that it substantiates the testimony of the bus driver, Lemoine, who testified that she was “trotting”, Cornwall, a passenger on the bus that she was “running,” and Slaton, another bus passenger, that she seemed to be in a big hurry. Plaintiff herself testified she was due at work at 4:00 P.M., and it can be concluded she was in a hurry to reach her place of employment.
There is some conflict in the testimony as to how many automobiles were stopped in front of the bus when it slowed to stop for the red light. Plaintiff insists there was only one, and that the accident occurred about one car length north of the intersection. All of the other witnesses *454 testified the accident occurred at a greater distance from the intersection, while the bus driver states there were two cars ahead <of him, and that the accident occurred 40 to 50 feet from the intersection. Ryan, Bethany and Slaton, passengers on the bus, testified there were two cars ahead of the bus and that the accident occurred 30 or 40 feet north of the intersection. Suffice it to say plaintiff did attempt to cross the south bound right lane of traffic some distance from the regular pedestrian crossing area, and she herself testified she did not look to her left or the direction from which traffic would come in the lane she was entering before she stepped from the curb but that she was looking at the traffic light and did not see the bus before the accident. Her testimony is corroborated by the bus driver, Lemoine, while Slaton, a bus passenger, testified she did not appear to be looking at all.
The bus driver and all of the passengers who testified as to this point, placed the scene of the accident at from one and one-half to three feet from the west curb. Plaintiff herself states she was struck as she took her second step from the curb.
The bus at the time of the accident was slowing to a stop due to the traffic ahead of it having stopped for the stop signal, and all of the witnesses testified that just prior to the accident the bus was traveling quite slowly, the estimates varying from 3 to 7 miles per hour.
The bus driver testified he was about 7 or 8 feet distant from plaintiff when she rushed out in front of the bus, while Ryan and Slaton estimated an even smaller distance. All are in accord that the bus was in the process of stopping when plaintiff stepped out from the curb and that the driver immediately came to a full stop.
It seems evident the plaintiff attempted to take the shortest distance across the street to reach her destination, and went behind a car stopped north of the normal pedestrian crossing, without looking to her left and without taking any precaution before entering the street. Her excuse for not crossing at the designated place does not absolve her from negligence. To the contrary the driver of the bus could presume that no one would attempt to cross Scenic Highway at any other place but at the designated place for pedestrians and, more so, behind a stopped car without seeing that it could be done in safety.
In Cooper v. Baton Rouge Bus Co., La.App., 4 So.2d, 619, it was held under similar circumstances where a pedestrian, without looking to the left, attempted to cross a street some 15 feet from the corner of the intersection and walked into the side of a motor bus some 6 or 7 feet from the curb which pedestrian left, the pedestrian was negligent and could not recover for injuries, the driver of the bus having the right to assume the pedestrian would not blindly walk into the bus.
In Bailey v. Reggie, La.App., 22 So.2d 698, it was 'held that where a pedestrian of normal intelligence and possessing normal sight and hearing suddenly steps into the highway without looking to see whether any traffic was coming, the pedestrian himself is negligent and the bus driver is not bound to anticipate such action on his part.
In the above cited cases it is to be noted the driver was traveling at a reasonable rate of speed and appeared to stop immediately or within a reasonable distance. The bus driver in the present case cannot be said to have been traveling at an excessive rate of speed, and he brought his vehicle to a stop immediately when plaintiff and the bus collided.
The doctrine of last clear chance cannot be said to apply since it was not shown the bus driver should have seen or sensed the perilous position in which the plaintiff was, and at a time when he could have taken some steps to avoid striking her.
Being unable to find any negligence whatsoever on the part of the defendant bus driver, but upon examination of the evidence concluding the accident was proximately caused by the negligence of the plaintiff, the judgment of the District Court is affirmed.